CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 8 2006

JOHN F. CORCORAN, CLERK
BY: *J. Bright*
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) Civil Action No. 7:05cr028 |
| | ) |
| LAWRENCE CHRISTOPHER RICHMOND, | ) |
| | ) |
| **Defendant** | ) |

## REPORT AND RECOMMENDATION

### *I. Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

### *II. Facts*

Defendant Lawrence Christopher Richmond ("Richmond") was charged in Count One of an Indictment dated June 8, 2006 charging conspiracy to distribute a mixture or substance containing more than five hundred (500) grams of methamphetamine in violation of 21 U.S.C. § 846. This charge bears a minimum mandatory sentence of ten (10) years, and a maximum sentence of up to life in prison and a fine of $4 million, or both. A period of supervised release following imprisonment also is prescribed. On November 6, 2006, a plea hearing was conducted before the undersigned. At that hearing, Richmond, accompanied by his counsel, Steven Wills, entered a plea of guilty to Count One of the Indictment. Richmond had previously plead Not Guilty, and appeared on November 6, 2006 to change his plea from Not Guilty to Guilty.

At the November 6, 2006, hearing, defendant was placed under oath and testified that his name is Lawrence Christopher Richmond. Richmond stated that he was fully aware of the nature of the charge against him, the elements of the offense, and the consequences of pleading guilty to the charge. Richmond was plainly able to understand and communicate with the court and his counsel, and stated that he could read and write in English. At all times, Richmond appropriately responded to inquiries from the court and exhibited a full understanding of the proceedings and the instructions given him by counsel in court. Richmond stated that he has not been diagnosed or treated for any mental or emotional problem which would affect his ability to communicate or understand the proceedings. Richmond further testified that he was not under the influence of any alcohol, drug or medication that affected his ability to understand the nature of the proceedings being held, the nature of the charge against him or the consequences of pleading guilty to that charge. Richmond further stated that he did not suffer from any condition that impeded or prevented his being able to understand the words that were being spoken or the proceedings in general. He was advised that if at any time he failed to understand, he could stop the proceedings and seek clarification. Richmond's counsel, Mr. Wills, expressed his opinion that Richmond was capable of entering a knowing, voluntary and intelligent plea.

Richmond testified that he had received a copy of the Indictment pending against him and that he had discussed the Indictment and the case with his counsel. After being informed of the provisions of Fed. R. Cr. P. 11(c), Richmond stated that he was pleading guilty of because he was, in fact, guilty of the offense charged. Richmond testified that he had not been forced, threatened or coerced to plead guilty in any respect. He stated that no assurances or promises had

2

been made by anyone to him in an effort to induce his plea in this case, except to the extent set forth in the written plea agreement filed with the court.

Richmond testified that he had read the plea agreement in its entirety, and he had discussed the plea agreement with his counsel before signing the agreement. Richmond stated that he understood the terms of the agreement, and that the document presented to the court set forth his agreement with the government in its entirety. Richmond stated that he understood that the agreement included provisions requiring that he provide financial disclosure, waiving any right to collaterally attack his sentence, waiving his right to any direct appeal concerning the application of the sentencing guidelines to his case, waiving access to information under the Freedom of Information Act and waiving his right to assert any statute of limitations defense to any count which might be reinstated in the event the agreement is withdrawn or not consummated. Richmond further acknowledged that the presiding court is not required to accept the agreement and may reject or defer acceptance of the plea agreement, including any recommendation for sentencing, until after a presentence report is reviewed.

Richmond stated that he understood that the offense with which he is charged is a felony, and that, if his plea is accepted, he will be adjudged guilty of the offense by the presiding court and this adjudication may deprive him of valuable civil rights such as the right to vote, hold public office, serve on a jury and possess a firearm.

Richmond was informed of the maximum possible penalty provided by law for the offense with which he is charged and said he understood the penalties and consequences of the plea. Specifically, Richmond was informed that he was subject to a maximum term of imprisonment up to life with a ten (10) year mandatory minimum sentence, a fine of up to

3

$4 million, a $100 special assessment and a term of supervised release following any term of imprisonment. Richmond also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued advisory guidelines for judges to follow in determining the sentence in a criminal case. Richmond acknowledged that he and his counsel had discussed how the sentencing guidelines might apply in his case, and he stated his understanding that the court would not be able to determine the recommended guideline sentence of his case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the guidelines. Richmond stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him, and that the court has the authority, in some circumstances, to depart from the advisory guidelines and impose a sentence that is more severe or less severe than the sentence called for by the advisory guidelines. Richmond acknowledged that he understood that the court is not bound by any recommendations set forth in the plea agreement, and may sentence him up to the statutory maximum. Richmond stated that he understood that in that event he would not be able to withdraw his guilty plea. Richmond acknowledged that he understood that parole had been abolished, and, in the event he receives a sentence of incarceration, he will not be released on parole. Richmond also stated that he understood that any term of supervised release could be revoked if he violated the terms and conditions of such release, and said that he understood that if supervised release is revoked, the original term of imprisonment may be increased. Richmond acknowledged that he understood that by entering a plea of guilty pursuant to the plea agreement, he waived his right to appeal any and all issues in this case and further

4

waived any right to collaterally attack all or part of the sentence imposed by way of a habeas corpus petition.

Richmond also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

1.    The right to plead not guilty to any offense charged against him;

2.    The right at trial to be presumed innocent and to require the government to prove his guilt beyond a reasonable doubt;

3.    The right of assistance of counsel;

4.    The right to see, hear and cross-examine witnesses.

5.    The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and

6.    The right to decline to testify unless he voluntarily elected to do so in his own defense.

Richmond stated that he was fully satisfied with the advice and representation given to him in this case by his counsel, and that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to the charge in the Indictment.

The government proffered, without objection, the following evidence regarding the offense with which Richmond is charged:

1.    During the 2003-2005 time period, Richmond participated in a conspiracy which distributed large quantities of methamphetamine from Mexico to the Carroll, Grayson and Wythe County area of southwestern Virginia in the Western District of Virginia.

5

2.     The hub of the conspiracy was Martin Garcia, who distributed the methamphetamine to end users through an organization involving Kimberly Perry, Richmond and others.

3.     The conspiracy was responsible for distribution of approximately 150-200 pounds of methamphetamine.

4.     Richmond obtained methamphetamine in multi-ounce quantities from Kimberly Perry, who, in turn, obtained it from Martin Garcia.

5.     Richmond was responsible for distribution of between 500 and 1,500 grams of methamphetamine.

6.     These facts were supported both by Richmond's confession as well as the testimony of four cooperating co-conspirators.

Richmond and his counsel stated that they did not disagree with the facts set forth in the government's proffer. Richmond testified that he had a methamphetamine problem and was distributing the drug to pay for his habit. Richmond stated that he obtained the methamphetamine from Kimberly Perry during 2004 and 2005 and acknowledged being responsible for distributing between 500 and 1,500 grams of methamphetamine in the Wythe County area of southwestern Virginia.

### III.  PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations.

1.     Richmond is fully competent and capable of entering an informed plea;

2.     Richmond is aware of the nature of the charges and the consequences of his plea;

6

3.    Richmond knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4.    The evidence presents an independent basis in fact containing each of the essential elements of the offense to which Richmond is pleading guilty.

## VI.  RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the presiding District Court accept Lawrence Christopher Richmond's plea of guilty to Count One of the Indictment and adjudge him guilty of the offense charge therein, order a presentence investigation and set a date for Richmond's sentencing.

## NOTICE TO PARTIES

The Clerk is directed to immediately transmit the record in this case to the Hon. Glen E. Conrad, United States District Judge.  Both sides are NOTIFIED that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof.  Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.  At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, United States District Judge.

7

The Clerk is directed to send certified copies of this Report and Recommendation to all

counsel of record.

Enter this 8th day of November , 2006.


Michael F. Urbanski
United States Magistrate Judge

8